UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>JKA CONSTRUCTION, INC., MENDES CANDIDO FRAMERS CORPORATION, and LUIZ MAURO VILELA, JR.,<br><br>Defendants. | Civil Action No. 1:20-cv-11944<br><br>October 28, 2020<br><br>**Injunctive relief sought** |

# COMPLAINT

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "Act" or "FLSA"), to restrain JKA Construction, Inc., Mendes Candido Framers Corporation, and Luiz Mauro Vilela, Jr. (collectively, "Defendants") from retaliating against Josue Siqueira and other employees, in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Mr. Siqueira engaged in protected activity by complaining to his supervisor and requesting the overtime pay to which he was entitled under the FLSA. In response, Defendants began a campaign of retaliation against him, seeking to coerce Mr. Siqueira into withdrawing his overtime complaint. Defendants have sought to intimidate Mr. Siqueira, including by following and threatening his family and telling other employees that they would lose their jobs because Mr. Siqueira complained that he was not being paid overtime wages as required by the FLSA. Mr. Siqueira continues to feel threatened by Defendants' conduct and fears for his family's safety.

The Secretary is authorized to seek injunctive relief to restrain violations of the FLSA. *See* 29 U.S.C. § 217. Because Defendants have been retaliating against Mr. Siqueira and threatening his family since he made his overtime complaint, the Secretary seeks from this Court an order enjoining Defendants and those acting on their behalf from violating Section 15(a)(3) of the FLSA through any further intimidation, harassment, or other adverse action against employees as a result of their protected activity. The Secretary also seeks punitive damages for Defendants' flagrant violations to date.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the District of Massachusetts because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Parties

3. Plaintiff Eugene Scalia, Secretary of Labor, Department of Labor, is authorized to bring actions to restrain violations of the anti-retaliation provision and other provisions of the FLSA. *See* 29 U.S.C. §§ 211(a), 216(b), and 217.

4. Defendant JKA Construction, Inc. ("JKA") is a Massachusetts corporation with a principal office and place of business located at 207 Waverly Avenue, Watertown, MA 02472. JKA is in the business of providing carpentry services.

5. Defendant Mendes Candido Framers Corporation ("Mendes Candido") is a Massachusetts corporation with a principal office and place of business located at 307 Central

Street #3314, Hudson, MA 01749. Mendes Candido was organized on September 20, 2019, and is in the business of performing framing work.

6. Defendant Luiz Mauro Vilela, Jr. is the Vice President and Secretary of Mendes Candido.

7. Prior to becoming the Vice President and Secretary of Mendes Candido, Mr. Vilela was a non-management employee of JKA.

8. In or around September 2019, Mr. Vilela became the Vice President and Secretary of Mendes Candido, and began to supervise work done by JKA's workers and distribute paychecks to JKA's workers.

## Mr. Siqueira's Work for JKA

9. From May 2019 to February 2020, Josue Siqueira worked for JKA as a carpenter.

10. Mr. Siqueira was an employee during that time period, as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

11. Although Mr. Siqueira worked for JKA, from September 2019 to February 2020 Mendes Candido was the entity that paid him.

12. Mr. Siqueira typically worked about 60 hours each week for JKA and earned $14.00 for each hour he worked.

13. Mr. Siqueira did not receive the overtime premium required by Section 7 of the FLSA, 29 U.S.C. § 207, for weeks in which he worked more than 40 hours. Neither JKA nor Mendes Candido ever paid Mr. Siqueira one and one-half times his regular rate of pay for his overtime hours worked, as required by 29 U.S.C. § 207.

14. In or around September 2019, Mr. Siqueira and other JKA workers, including Mr. Vilela, who had not yet become a supervisor for JKA or an officer of Mendes Candido, discussed wanting to receive proper overtime pay.

### Mr. Siqueira's Complaint about Unpaid Overtime

15. In or around February 2020, Mr. Siqueira first requested proper overtime pay from Mr. Vilela, who had become his direct supervisor.

16. After Mr. Siqueira requested his overtime wages, Mr. Vilela did not pay Mr. Siqueira any of the overtime compensation owed to him.

17. On or about February 10, 2020, Mr. Siqueira went to JKA's office to get his final paycheck from Mr. Vilela.

18. While he was at the office, Mr. Siqueira asked Mr. Vilela if he was going to be paid the overtime premium for his overtime hours worked. Mr. Vilela responded that Mr. Vilela would have to check with his boss "Gabriel" who controlled JKA.

19. Later that same day, Mr. Siqueira sent to Mr. Vilela a voice message via WhatsApp for Mr. Vilela to forward to Gabriel. The voice message stated that Mr. Siqueira hoped he could resolve the issue of his overtime wages without needing to proceed to court.

### Defendants' Retaliation Against Mr. Siqueira

20. In or around mid-February 2020, Mr. Siqueira learned that Defendants were trying to turn other JKA workers against him and discourage those workers from joining Mr. Siqueira in advocating for overtime pay.

21. Mr. Vilela told other JKA workers that, because of Mr. Siqueira's complaint about unpaid overtime, the business was going to close down.

22. Mr. Vilela also told JKA's workers that if they lost their jobs it would be because of Mr. Siqueira's complaint.

23. After hearing those threats from Mr. Vilela, some of Mr. Siqueira's former colleagues at JKA contacted Mr. Siqueira and asked him to withdraw his complaint about unpaid overtime.

24. Defendants then intensified their intimidation tactics and began targeting Mr. Siqueira's family members.

25. After Mr. Siqueira's overtime complaint, an individual believed to be working in concert with Defendants went to Mr. Siqueira's father's house and made inquiries about the person who lived there.

26. Defendants also have threatened Mr. Siqueira by causing individuals to follow his sisters.

27. On or about July 12, 2020, a man and woman took photographs of Mr. Siqueira's first sister's home.

28. On or about August 6, 2020, a man believed to be associated with Defendants accosted Mr. Siqueira's second sister at her workplace and began asking questions about her brother. The man told her that his son and Mr. Siqueira had worked together.

29. Then, on or about August 11, 2020, two different men approached the second sister's workplace while she and Mr. Siqueira's third sister were present there. One of the men handed the third sister an envelope and said: "Open and then send to Josue. Tell him to stop. Otherwise, who will suffer the consequences are you and your family."

30. After the men left, the third sister opened the envelope. Inside, there was a handwritten note, which read: "Josue . . . is blackmailing us . . . . We have already paid him all

his rights. He said that he was going to report us to the government, bringing us to court. Tell him to stop with this." Included with the note was a photograph of the second sister, which the second sister believes may have been taken during the incident on August 6, 2020, referenced above.

31. These frightening experiences led Mr. Siqueira's third sister to file a report with the police on August 12, 2020.

32. As a result of Mr. Siqueira's complaint regarding his unpaid overtime, Defendants initiated a campaign of retaliation, intimidation, and threats, which has continued against Mr. Siqueira for months.

33. Because Defendants have targeted Mr. Siqueira's father and sisters to coerce him into withdrawing his overtime complaint, Mr. Siqueira is deeply concerned for his family's safety.

34. Mr. Siqueira is worried that Defendants will continue to retaliate against him and scare his family because he complained about unpaid overtime compensation.

## FIRST CAUSE OF ACTION
**(Violation of the Anti-Retaliation Provision of the FLSA, 29 U.S.C. § 215(a)(3))**

35. The Secretary incorporates by reference and re-alleges all foregoing allegations in the Complaint.

36. Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint . . . under or related to this chapter [8 of the FLSA]." 29 U.S.C. § 215(a)(3).

37. Defendants have violated and continue to violate Section 15(a)(3) by retaliating against and intimidating Mr. Siqueira because he engaged in the protected activity of filing a complaint with his supervisor to receive his unpaid overtime compensation.

38. Defendants' egregious retaliatory conduct includes: (a) threatening the safety of Mr. Siqueira's family; and (b) telling other employees that Mr. Siqueira's complaint would close the business down and may leave them without jobs.

39. As a result of Defendants' actions, a reasonable employee would be dissuaded from engaging in activities protected under the Act, such as complaining about unpaid overtime compensation or cooperating with an investigation by the Secretary into violations of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, the Secretary respectfully prays that this Court enter judgment against Defendants and provide the following relief:

a. An order issued pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, from violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

b. An order awarding punitive damages for Defendants' retaliation against Josue Siqueira in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

c. An order awarding the Secretary all costs of this action; and

d. An order awarding the Secretary with any other relief that the Court deems necessary and appropriate.

| | |
|---|---|
| Post Office Address: | Kate S. O'Scannlain<br>Solicitor of Labor |
| U.S. Department of Labor<br>Office of the Solicitor<br>John F. Kennedy Federal Building<br>Room E-375<br>Boston, MA 02203<br>TEL: (617) 565-2500<br>FAX: (617) 565-2142 | Maia S. Fisher<br>Regional Solicitor<br><br>Mark A. Pedulla<br>Wage and Hour Counsel |
| Date: October 28, 2020 | /s/ Emily V. Wilkinson<br>Emily V. Wilkinson<br>Trial Attorney<br>wilkinson.emily.v@dol.gov<br>MA BBO No. 699512<br><br>U.S. Department of Labor<br>Attorneys for Plaintiff |