UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11944

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor

v.

JKA CONSTRUCTION, INC., MENDES CANDIDO FRAMERS
CORPORATION, and LUIZ MAURO VILELA, JR.,

ORDER ON MOTION FOR
TEMPORARY RESTRAINING ORDER

October 29, 2020

STEARNS, D. J.

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor (DOL) asks the court to restrain JKA Construction, Inc., Mendes Candido Framers Corporation, and Luiz Mauro Vilela, Jr. from unlawfully retaliating against employees who assert their rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA), particularly Josue Siqueira who worked for JKA Construction, Inc. (JKA) from May of 2019 until February of 2020.  Siqueira complained to his supervisor about not receiving the overtime compensation he was owed under the FLSA.   The DOL asserts that defendants have tried to coerce Siqueira into withdrawing his overtime

complaint by using intimidation tactics, such as following and threatening his family members and telling other employees that they may lose their jobs because of Siqueira's complaint.[1]  Siqueira continues to feel threatened by defendants' conduct and fears for his family's safety.

Pursuant to Fed. R. Civ. P. 65 and based on the DOL's Complaint and pleadings supporting its motion, the court enters the following part of the requested order prior to hearing.

ORDER

Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with defendants, are enjoined and restrained from violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating or discriminating against any current or former employee.  After service of the Complaint, injunction pleadings, and this Order, and the filing of an Answer and Opposition, the court will hold a

---

[1] Specifically, the DOL contends that defendants have threatened and harassed Siqueira's family members, surveilled the residence of Siqueira's father, and an unknown couple photographed Siqueira's first sister's home. *See* McMillin Decl. ¶¶ 18-19. The DOL also states that defendants' agents physically confronted Siqueira's other two sisters, (*see id.* ¶¶ 20–21), one of the men presented a third sister with a photograph of the second sister along with a handwritten note urging the third sister to tell Siqueira to drop his overtime complaint and refrain from reporting the issue to the government. *See id.* ¶ 22.  At the same time, the man threatened that the third sister and her family would "suffer the consequences" if Siqueira did not abandon his complaint. *Id.* ¶ 21.

hearing (on a date agreed to by the parties and court) on all remaining requests (#2, #3 and #4) in the preliminary injunction.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE