UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,[1]<br><br>Plaintiff,<br><br>v.<br><br>JKA CONSTRUCTION, INC., MENDES CANDIDO FRAMERS CORPORATION, and LUIZ MAURO VILELA, JR.,<br><br>Defendants. | Civil Action No. 1:20-cv-11944-RGS |

## DEFAULT JUDGMENT AGAINST DEFENDANT JKA CONSTRUCTION, INC.

Defendant JKA Construction, Inc. having failed to plead or otherwise defend in this action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA" or "Act"), and its default being entered, the Court finds that Defendant JKA Construction, Inc. violated Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), in the manner described in the Complaint filed by Plaintiff Secretary of Labor, United States Department of Labor (the "Secretary").

Now, upon application by the Secretary and declarations demonstrating that (a) permanent injunctive relief is appropriate in this action, (b) the reasonable and proper amount of punitive damages for Defendant JKA Construction, Inc.'s unlawful retaliation against employee Josue Siqueira is $70,000.00, (c) the Secretary has incurred costs of $95.00 in litigating this

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor Martin J. Walsh is automatically substituted as the proper Plaintiff in this case. For ease of reference, the Secretary and his pertinent predecessors will be referred to herein as the "Secretary."

1

action against Defendant JKA Construction, Inc., and (d) Defendant JKA Construction, Inc. is not an infant or incompetent person or in the military service of the United States, I find that there is no just reason to delay the entry of default judgment against Defendant JKA Construction, Inc.

It is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. Defendant JKA Construction, Inc., its officers, agents, servants, and employees, and those persons in active concert or participation with Defendant JKA Construction, Inc., are permanently enjoined and restrained from violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Among other prohibited acts of retaliation, Defendant JKA Construction, Inc. shall not:

    a. Harass or intimidate any employee or any employee's family members for purposes of inhibiting any employee's rights under the Act;

    b. Make threats of harm to any employee or any employee's family members for purposes of inhibiting any employee's rights under the Act;

    c. Threaten to close its business for purposes of inhibiting any employee's rights under the Act; or

    d. Terminate or threaten to terminate any employee, or threaten that any employee will lose their job, for purposes of inhibiting any employee's rights under the Act.

2. The Secretary shall recover from Defendant JKA Construction, Inc. punitive damages in the amount of $70,000.00.

3. Upon full payment from Defendant JKA Construction, Inc., the Secretary shall file with the Court a satisfaction of judgment in accordance with Local Rule 58.2, and the

Secretary's representatives shall distribute to Josue Siqueira the full punitive damages amount of $70,000.00.

4. The Secretary shall recover from Defendant JKA Construction, Inc. costs in the amount of $95.00.

5. Accordingly, the Secretary shall recover from Defendant JKA Construction, Inc. a total of $70,095.00 in punitive damages and costs, plus post-judgment interest at the applicable rate at the time of this judgment.

It is further **ORDERED, ADJUDGED AND DECREED** that:

6. Nothing in this judgment shall preclude the Secretary from bringing an enforcement action against Defendant JKA Construction, Inc. for any violation of the FLSA not specifically set forth in the Secretary's Complaint in this case.

**SO ORDERED.**

Date: 4-13-21.

/s/ Richard G. Stearns
Richard G. Stearns
United States District Judge