UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,[1]<br><br>Plaintiff,<br><br>v.<br><br>JKA CONSTRUCTION, INC., MENDES CANDIDO FRAMERS CORPORATION, and LUIZ MAURO VILELA, JR.,<br><br>Defendants. | Civil Action No. 1:20-cv-11944-RGS |

## **CONSENT JUDGMENT AND ORDER**

Plaintiff Secretary of Labor, United States Department of Labor (the "Secretary"), has filed a Complaint in this case under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA" or "Act"). Defendant Luiz Mauro Vilela, Jr. was served with the Complaint on December 1, 2020 and answered the Complaint on December 14, 2020. Defendant Vilela admits that Defendant Vilela violated Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

The Court finds that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and the Secretary and Defendant Vilela agree to its terms.

It is therefore ORDERED, ADJUGED, and DECREED that:

1.      Defendant Vilela, Defendant Vilela's agents, servants, and employees, and those persons in active concert or participation with Defendant Vilela, are permanently enjoined and

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor Martin J. Walsh is automatically substituted as the proper Plaintiff in this case. For ease of reference, the Secretary and his pertinent predecessors will be referred to herein as the "Secretary."

1

restrained from violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Among other prohibited acts of retaliation, Defendant Vilela and any other persons subject to this permanent injunction shall not:

    a. Harass or intimidate any employee or any employee's family members for purposes of inhibiting any employee's rights under the Act;

    b. Make threats of harm to any employee or any employee's family members for purposes of inhibiting any employee's rights under the Act;

    c. Threaten to close a business for purposes of inhibiting any employee's rights under the Act; or

    d. Terminate or threaten to terminate any employee, or threaten that any employee will lose their job, for purposes of inhibiting any employee's rights under the Act.

2. Further, the Court, finding that Josue Siqueira is due punitive damages in the amount of $1,500.00 for Defendant Vilela's violations of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), orders that Defendant Vilela shall pay to the Secretary said punitive damages, plus any applicable interest, according to the terms set forth herein.

3. The punitive damages provisions of this Consent Judgment shall be deemed satisfied when Defendant Vilela delivers to the Secretary $1,500.00 in punitive damages.

4. Defendant Vilela shall make the payments required by this Consent Judgment on or before the dates set forth on the attached Exhibit 1, which is incorporated in and made a part of this Consent Judgment, with the first payment being made on or before October 1, 2021.

5. Defendant Vilela may make the punitive damages payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for

WHDBWNE. Alternatively, payment may be made in the form of certified checks made payable to "Wage and Hour Division—Labor" and delivered to the United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: William Schweizer. Any such check shall have Case Number 1879616 written on the face of the check.

6. In the event Defendant Vilela fails to make payment within ten days of any payment being due under this Consent Judgment, Defendant Vilela consents to the entry of a Writ of Execution, pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. The Secretary may seek such a writ at any time after the entry of this Consent Judgment and may represent in filing for such a writ that Defendant Vilela consents to its issuance. Upon a request from the Secretary, Defendant Vilela agrees to furnish to the Secretary a complete and accurate list of Defendant Vilela's real, personal, and business property with an estimated value of $500.00 or more and the locations of such property for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

7. Upon receipt from Defendant Vilela, the Secretary will distribute to Josue Siqueira the punitive damages amount totaling $1,500.00.

8. Defendant Vilela shall not, in any way, solicit, demand, accept, or keep any amount paid or payable to any employee or former employee under this Consent Judgment, or in any manner attempt to recover or otherwise influence any employee or former employee to forfeit any amounts paid to such employee or former employee in connection with this Consent Judgment. In the event any such amount is received from any employee, Defendant Vilela shall immediately remit such amount to the United States Department of Labor at the following

3

address: United States Department of Labor, Wage and Hour Division, 835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: William Schweizer.

9. Defendant Vilela represents that, to the best of Defendant Vilela's knowledge and following diligent review and inquiry, Defendant Vilela has been in compliance with the FLSA, as interpreted by the Secretary, since August 26, 2021. In entering this Consent Judgment, the Secretary has relied on the truth of this representation. If this representation is determined to be false, and Defendant Vilela is found to be in violation of the FLSA, additional damages may be owed and other relief may be appropriate.

10. Defendant Vilela shall not fail to cooperate with the United States Department of Labor in any investigation conducted pursuant to Section 11(a) of the FLSA, 29 U.S.C. § 211(a). Defendant Vilela shall provide truthful responses and other information and documents to the United States Department of Labor. Nothing contained in this Consent Judgment, including the requirement to cooperate as set forth in this Paragraph, abrogates Defendant Vilela's rights under the United States Constitution.

11. Nothing in this Consent Judgment precludes the Secretary from using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation, enforcement action, or legal action.

12. Nothing in this Consent Judgment precludes the Secretary from bringing an enforcement action against Defendant Vilela for any violation of the FLSA not specifically set forth in the Secretary's Complaint in this case.

13. Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED, this 30th day of August, 2021.

*Richard G. Stearns*
Richard G. Stearns
United States District Judge

For the Secretary:

Seema Nanda
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Wage and Hour Counsel

/s/ Emily V. Wilkinson
Emily V. Wilkinson
Trial Attorney
wilkinson.emily.v@dol.gov
MA BBO No. 699512

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

Date: August 27, 2021

For Defendant Luiz Mauro Vilela, Jr.:

Jeremy T. Theerman, Esq.
PO Box 703
Worcester, MA 01613
Jeremy@theerman.com
TEL: 508-232-4164
FAX: 508-340-4343
MA BBO No. 654979

Date: August 26, 2021

5

# EXHIBIT 1

## PAYMENT SCHEDULE

| Payment Date | Payment Amount |
|---|---|
| October 1, 2021 | $500.00 |
| November 1, 2021 | $500.00 |
| December 1, 2021 | $500.00 |